**IN THE COURT OF APPEALS OF IOWA**

No. 14-0280
Filed April 30, 2014

**IN THE INTEREST OF J.C. AND A.G.,**
**Minor Children,**

**T.T., Mother,**
**Appellant.**

_____

Appeal from the Iowa District Court for Woodbury County, Mary L. Timko, Associate Juvenile Judge.

A mother appeals the termination of her parental rights to her children. **AFFIRMED.**

Joseph W. Kertels of the Juvenile Law Center, Sioux City, for appellant mother.

Thomas J. Miller, Attorney General, Janet L. Hoffman, Assistant Attorney General, Patrick Jennings, County Attorney, and Dewey Sloan, Assistant County Attorney, for appellee State.

Timothy Scherle, Sioux City, attorney and guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., and Tabor and Bower, JJ.

**VAITHESWARAN, P.J.**

A mother appeals the termination of her parental rights to her children, born in 2010 and 2013.  She contends: (1) the record lacks clear and convincing evidence to support the grounds for termination cited by the district court, (2) the district court should have afforded her six additional months to work towards reunification, and (3) the district court should have placed the children in a guardianship.

*I.*  We may affirm a termination ruling if we find clear and convincing evidence to support any of the grounds cited by the district court.  *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999).  On our de novo review, we are persuaded that termination was warranted under Iowa Code section 232.116(1)(h) (2013) (requiring proof of several elements including proof that the children "cannot be returned to the custody of the child's parents.").

The department of human services became involved with the family after receiving a report that their mother used marijuana and methamphetamine in the older child's presence.  The twenty-three-month-old child was also found unattended on a street, and there were several documented instances of domestic violence between the mother and the father of one of the children.

The department continued its involvement for approximately a year and a half.  The mother made minimal progress in addressing her addictions.  Less than two months before the termination hearing, she was arrested for public intoxication after an officer observed signs that she was under the influence and administered a preliminary breath test that revealed an exceptionally high result.

At the termination hearing, a department case manager opined that the mother's low self-esteem and "unmet mental health needs" affected "her ability to become stable." She expressed fear that the mother "would continue using [drugs and alcohol] pretty actively."

The mother essentially conceded that her compliance with department expectations was less than satisfactory. She stated, "[P]robably the last month I have not been following through exactly with everything I should have been." She admitted she was discharged from family treatment court and admitted the last time she sought outpatient chemical dependency treatment was approximately three weeks before the termination hearing. The mother attributed her noncompliance to receipt of the termination petition and her loss of hope that she would recover the children. She did not explain her lack of commitment to sobriety in the year preceding the filing of the petition.

We conclude the mother was not in a position to have her children returned to her custody.

*II.* The mother contends "[n]o evidence was presented that would suggest that the children's best interest would be harmed in any way by giving [her] additional time" to work towards reunification. *See* Iowa Code §§ 232.104(2)(b), 232.116(3)(c). To the contrary, the State offered police records documenting the mother's public intoxication arrest in addition to numerous department and service provider reports summarizing concerns with the mother's progress. Additionally, the department's case manager testified as follows:

> [W]e presented these issues to [the mother] very clearly throughout this case and told her very directly that she needed to leave [the father] in order to preserve the relationship with her kids. And, you

know, my job is to look at things from the kids' perspective. And having both of their parents coming in and out of their lives every couple of months is just not a healthy thing for their development. And we have been involved in this case for a year and a half, and I do not see that significant progress has been made, and legally the time has come to address their permanency, so from that perspective, it is time to do something for these kids.

We conclude additional time was not warranted because the mother did not show she was in a position to regain custody of the children in the imminent future.

*III.* The mother contends the district court should have considered a guardianship for the children rather than termination of her parental rights because the children were placed with a relative and the mother had a relationship with the children. *See id.* § 232.116(3)(a), (c). We conclude a guardianship was not warranted for the same reasons that additional time was not warranted.

We affirm the termination of the mother's parental rights to her children.

**AFFIRMED.**